UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------- x
Acupath Laboratories, Inc.

                Plaintiff,                    No.: 14-CV-6379 (JS) ( AKT)

   -against-                           DEFENDANTS' MEMORANDUM OF
                                          LAW IN SUPPORT OF MOTION FOR
Minning Xie, M&M Medical Technology, Inc. et al .    LEAVE TO FILE AMENDED
                                                 ANSWER

                Defendants.
---------------------------------------------------------------- x

Defendant Minning Xie, ( "Xie" or "Defendant") submit this Memorandum of Law in support of their motion to amend their Answer pursuant to Federal Rule of Civil Procedure 15(a)(2).

## PROCEDURAL HISTORY

This case is at its early stage. Plaintiff filed its Complaint in about Oct. 2014, and served on defendants in or about November of 2014. Three defendants filed and served their Answers with counterclaims on or about early December and late December each respectively. Initial conference is scheduled for February 17th, 2015. Discovery has not yet started, except that plaintiff filed an Order to Show Cause for Expedited Discovery on its own claims only, prior to the service of the Summons and Complaint or defendant's answer with counterclaims. Said Order to Show Cause was partially granted, and defendant Xie is in compliance so far.

In this employment litigation, defendant Xie individually has counterclaimed again plaintiff, his former employer, for unpaid overtime wages in violation of Fair Labor Standard Act, New York Labor Law and retaliation by former employer in violation of federal and state anti-retaliation laws. Defendant Xie sought to amend his Answer with Counterclaims to cure some defects in his

1

counterclaims, to add new citations of additional relevant laws that defendant believes the employer has violated. Copies of said Amended Answer with Counterclaims is annexed as Exhibit "A."

## ARGUMENT

Rule 15(a) of the Federal Rules of Civil Procedure provides courts with broad authority to grant leave to amend. Rule 15(a)(2) states that, for proposed amendments before trial, "[t]he court should freely give leave when justice so requires." A court should deny leave to amend only upon "undue delay, bad faith or dilatory motive on the part of the [moving party], repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the [non-moving party], . . . [or] futility." Foman v. Davis, 371 U.S. 178, 182; see also McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 200 (2d Cir. 2007); Anthony v. City of New York, 339 F.3d 129, 138 (2d Cir. 2003) ("leave to amend 'shall be freely given when justice so requires,' and we have interpreted this instruction in favor of allowing the amendment absent a showing by the non-moving party of bad faith or undue prejudice."); Oneida Indian Nation v. City of Sherrill, 337 F.3d 139 (2d Cir. 2003) ("A proposed amendment to a pleading would be futile if it could not withstand a motion to dismiss pursuant to Rule 12(b)(6)."); Tokio Marine & Fire Ins. Co. v. Employers Ins. of Wausau, 786 F.2d 101, 103 (2d Cir. 1986) ("The Supreme Court has made clear that 'this mandate is to be heeded,' and that leave to amend should be permitted in the absence of an apparent or declared reason, such as undue delay, bad faith, or undue prejudice to the opposing party."); Evans v. Syracuse City Sch. Dist., 704 F.2d 44, 47 (2d Cir. 1983) ("Amendments should be tendered no later than the time of pretrial"). Amendments are generally favored because "they tend to facilitate a proper decision on the merits." Blaskiewicz v. County of Suffolk, 29 F. Supp.2d 134, 137 (E.D.N.Y. 1998).

Here, Defendant seek leave to amend their answer to add additional contents to the existing Counterclaims, mainly to add citations of relevant laws, with no new counterclaims. As stated above, discovery is not started yet, except Plaintiff's expedited discovery limited to its own claims only, no deposition of any party has yet scheduled. As such, Defendants' motion and proposed amended answer is timely. See Evans 704 F.2d at 47; Stephenson v Dow Chem. Co. (In re Agent Orange Prod. Liab. Litig.), 220 F.R.D. 22, 24 (E.D.N.Y. 2004). Moreover, because the amendments simply improve the contents of existing counterclaims, with additional relevant laws, Plaintiff cannot claim undue prejudice as the proposed amended answer does not "(i) require [Plaintiff] to expend additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction." Davis v. Lenox Hill Hosp., 2004 U.S. Dist. LEXIS 17283 (S.D.N.Y. 2004).

## CONCLUSION

For the reasons set forth above, Defendant seeks leave to amend his Answer with Counterclaims, and respectfully requests that he be granted leave to file the proposed Amended Answer with Counterclaims as Exhibit "A."

Dated: Jan. 16, 2015

LAW OFFICE OF MING HAI, PC

By: __/s/ Ming Hai

Ming Hai
Attorneys for Defendants Minning Xie
and M&M Medical Technology, Inc.
36-09 MAIN ST. SUITE 7B
FLUSHING, NY 11354
(718) 445-9111