# Exhibit A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
Acupath Laboratories, Inc.

                        Plaintiff,                        Civil Action No.: 14-CV-6379

     -against-

Minning Xie, M&M Medical Technology, Inc. et al      **AMENDED ANSWER WITH**
                                               **COUNTERCLIAMS**

                        Defendants.
------------------------------------------------------------------ x

      Defendants Minning Xie and M & M Medical Technology, Inc. , by and through their attorneys, Law Office of Ming Hai, PC, as and for their Answer, Affirmative Defenses and Counterclaims to the Complaint ("Complaint") set forth as follows:

### AS AND FOR AN ANSWER TO "NATURE OF ACTION"

      1.     Defendants deny knowledge of information sufficient to form a belief as to the truth or falsity of the statements contained in Paragraph "1" of the Plaintiff's Complaint.

      2.     Defendants D E N Y the statements contained in Paragraph "2" of the Plaintiff's Complaint.

### AS AND FOR AN ANSWER TO "PARTIES"

      3.     Defendants deny knowledge of information sufficient to form a belief as to the truth or falsity of the statements contained in Paragraph "3" of the Plaintiff's Complaint.

      4.     Defendants deny in part and admit in part as to the statements contained in Paragraph "4" of the Plaintiff's Complaint.

5. Defendants deny knowledge of information sufficient to form a belief as to the truth or falsity of the statements contained in Paragraph "5" of the Plaintiff's Complaint.

6. Defendants deny the statements contained in Paragraph "6" of the Plaintiff's Complaint and respectfully refer all questions of law to the Court.

7. Defendants deny in part and admit in part the statements contained in Paragraph "7" of the Plaintiff's Complaint and respectfully refer all questions of law to the Court.

8. Defendants deny the statements contained in Paragraph "8" of the Plaintiff's Complaint and respectfully refer all questions of law to the Court.

9. Defendants deny the statements contained in Paragraph "9" of the Plaintiff's Complaint and respectfully refer all questions of law to the Court.

10. Defendants deny the statements contained in Paragraph "10" of the Plaintiff's Complaint and respectfully refer all questions of law to the Court.

11. Defendants deny the statements contained in Paragraph "11" of the Plaintiff's Complaint and respectfully refer all questions of law to the Court.

## AS AND FOR AN ANSWER TO "JURISDICTION AND VENUE"

12. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the statements contained in Paragraph "12" of the Plaintiff's Complaint.

13. Defendants admit the statements contained in Paragraph "13" of the Plaintiff's Complaint.

14. Defendants admit the statements contained in Paragraph "14" of the Plaintiff's Complaint.

15. Defendants deny the statements contained in Paragraph "15" of the

Plaintiff's Complaint and respectfully refer all questions of law to the Court.

16.     Defendants deny the statements contained in Paragraph "16" of the Plaintiff's Complaint and respectfully refer all questions of law to the Court.

17.     Defendants deny knowledge of information sufficient to form a belief as to the truth or falsity of the statements contained in Paragraph "17" of the Plaintiff's Complaint.

### AS AND FOR AN ANSWER TO " ACUPATH'S BUSIENSS AND TRADE SECRETS"

18.     Defendants repeat and reallege their responses to Paragraphs "1" through "17" as if set forth herein in their entirety.

19.     Defendants deny the statements contained in Paragraph "18" of the Plaintiff's Complaint.

20.     Defendants deny knowledge of information sufficient to form a belief as to the truth or falsity of the statements contained in Paragraph "19" of the Plaintiff's Complaint.

21.     Defendants deny the statements contained in Paragraph "20" of the Plaintiff's Complaint.

22.     Defendants deny the statements contained in Paragraph "21" of the Plaintiff's Complaint.

23.     Defendants deny knowledge of information sufficient to form a belief as to the truth or falsity of the statements contained in Paragraph "22" of the Plaintiff's Complaint.

24.     Defendants deny knowledge of information sufficient to form a belief as to the truth or falsity of the statements contained in Paragraph "23" of the Plaintiff's Complaint.

25.     Defendants deny knowledge of information sufficient to form a belief as to the truth or falsity of the statements contained in Paragraph "24" of the Plaintiff's Complaint.

26.     Defendants deny knowledge of information sufficient to form a belief as to the truth or falsity of the statements contained in Paragraph "25" of the Plaintiff's Complaint.

27.    Defendants deny the statements contained in Paragraph "26" of the Plaintiff's Complaint.

28.    Defendants deny the statements contained in Paragraph "27" of the Plaintiff's Complaint.

29.    Defendants deny the statements contained in Paragraph "28" of the Plaintiff's Complaint.

30.    Defendants deny the statements contained in Paragraph "29" of the Plaintiff's Complaint.

31.    Defendants deny the statements contained in Paragraph "30" of the Plaintiff's Complaint.

32.    Defendants deny the statements contained in Paragraph "31" of the Plaintiff's Complaint.

33.    Defendants deny the statements contained in Paragraph "32" of the Plaintiff's Complaint.

34.    Defendants deny the statements contained in Paragraph "33" of the Plaintiff's Complaint.

35.    Defendants deny the statements contained in Paragraph "34" of the Plaintiff's Complaint.

36.    Defendants deny the statements contained in Paragraph "35" of the Plaintiff's Complaint.

37.    Defendants deny the statements contained in Paragraph "36" of the Plaintiff's Complaint.

**AS AND FOR AN ANSWER TO " XIE AND SABINI'S DUTIES OF LOYALTY AND CONFIDENTIALITY, NON-SOLICIT, NON-COMPETE AGREEMENTS"**

38.     Defendants deny the statements contained in Paragraph "37" of the Plaintiff's Complaint.

39.     Defendants deny the statements contained in Paragraph "38" of the Plaintiff's Complaint.

40.     Defendants deny the statements contained in Paragraph "39" of the Plaintiff's Complaint.

41.     Defendants deny the statements contained in Paragraph "40" of the Plaintiff's Complaint.

42.     Defendants deny the statements contained in Paragraph "41" of the Plaintiff's Complaint.

43.     Defendants deny the statements contained in Paragraph "42" of the Plaintiff's Complaint.

44.     Defendants deny the statements contained in Paragraph "43" of the Plaintiff's Complaint.

45.     Defendants deny the statements contained in Paragraph "44" of the Plaintiff's Complaint.

46.     Defendants deny the statements contained in Paragraph "45" of the Plaintiff's Complaint.

47.     Defendants deny the statements contained in Paragraph "46" of the Plaintiff's Complaint.

48.     Defendants deny the statements contained in Paragraph "47" of the Plaintiff's Complaint.

49.     Defendants deny the statements contained in Paragraph "48" of the Plaintiff's

Complaint.

    50.    Defendants deny the statements contained in Paragraph "49" of the Plaintiff's

Complaint.

    51.    Defendants deny the statements contained in Paragraph "50" of the Plaintiff's

Complaint.

    52.    Defendants deny the statements contained in Paragraph "51" of the Plaintiff's

Complaint.

## AS AND FOR AN ANSWER TO " XIE AND SABINI'S WRONGFUL AND DISLOYAL ACTS WHILE EMPLOYED BY ACUPATH


    53.    Defendants deny the statements contained in Paragraph "52" of the Plaintiff's

Complaint.

    54.    Defendants deny the statements contained in Paragraph "53" of the Plaintiff's

Complaint.

    55.    Defendants deny the statements contained in Paragraph "54" of the Plaintiff's

Complaint.

    56.    Defendants deny the statements contained in Paragraph "55" of the Plaintiff's

Complaint.

    57.    Defendants deny the statements contained in Paragraph "56" of the Plaintiff's

Complaint.

    58.    Defendants deny the statements contained in Paragraph "57" of the Plaintiff's

Complaint.

    59.    Defendants deny the statements contained in Paragraph "58" of the Plaintiff's

Complaint.

60.     Defendants deny the statements contained in Paragraph "59" of the Plaintiff's Complaint.

61.     Defendants deny the statements contained in Paragraph "60" of the Plaintiff's Complaint.

62.     Defendants deny the statements contained in Paragraph "61" of the Plaintiff's Complaint.

63.     Defendants deny the statements contained in Paragraph "62" of the Plaintiff's Complaint.

64.     Defendants deny the statements contained in Paragraph "63" of the Plaintiff's Complaint.

65.     Defendants deny the statements contained in Paragraph "64" of the Plaintiff's Complaint.

66.     Defendants deny the statements contained in Paragraph "65" of the Plaintiff's Complaint.

## AS AND FOR AN ANSWER TO "AS AND FOR A FIRST CAUSE OF ACTION

67.     Defendants repeat and reallege their responses to Paragraphs "1" through "66" as if set forth herein in their entirety.

68.     Defendants deny the statements contained in Paragraph "66" of the Plaintiff's Complaint.

69.     Defendants deny the statements contained in Paragraph "67" of the Plaintiff's Complaint.

70.     Defendants deny the statements contained in Paragraph "68" of the Plaintiff's Complaint.

71.   Defendants deny the statements contained in Paragraph "69" of the Plaintiff's Complaint.

72.   Defendants deny the statements contained in Paragraph "70" of the Plaintiff's Complaint.

73.   Defendants deny the statements contained in Paragraph "71" of the Plaintiff's Complaint.

74.   Defendants deny the statements contained in Paragraph "72" of the Plaintiff's Complaint.

75.   Defendants deny the statements contained in Paragraph "73" of the Plaintiff's Complaint.

76.   Defendants deny the statements contained in Paragraph "74" of the Plaintiff's Complaint.

77.   Defendants deny the statements contained in Paragraph "75" of the Plaintiff's Complaint.

78.   Defendants deny the statements contained in Paragraph "76" of the Plaintiff's Complaint.

### AS AND FOR AN ANSWER TO "AS AND FOR A SECOND CAUSE OF ACTION

79.   Defendants repeat and reallege their responses to Paragraphs "1" through "78" as if set forth herein in their entirety.

80.   Defendants deny the statements contained in Paragraph "77" of the Plaintiff's Complaint.

81.   Defendants deny the statements contained in Paragraph "78" of the Plaintiff's Complaint.

82.   Defendants deny the statements contained in Paragraph "79" of the Plaintiff's

Complaint.

83.     Defendants deny the statements contained in Paragraph "80" of the Plaintiff's Complaint.

84.     Defendants deny the statements contained in Paragraph "81" of the Plaintiff's Complaint.

85.     Defendants deny the statements contained in Paragraph "82" of the Plaintiff's Complaint.

86.     Defendants deny the statements contained in Paragraph "83" of the Plaintiff's Complaint.

## AS AND FOR AN ANSWER TO "AS AND FOR A THIRD CAUSE OF ACTION

87.     Defendants repeat and reallege their responses to Paragraphs "1" through "86" as if set forth herein in their entirety.

88.     Defendants deny the statements contained in Paragraph "84" of the Plaintiff's Complaint.

89.     Defendants deny the statements contained in Paragraph "85" of the Plaintiff's Complaint.

90.     Defendants deny the statements contained in Paragraph "86" of the Plaintiff's Complaint.

91.     Defendants deny the statements contained in Paragraph "87" of the Plaintiff's Complaint.

92.     Defendants deny the statements contained in Paragraph "88" of the Plaintiff's Complaint.

93.     Defendants deny the statements contained in Paragraph "89" of the Plaintiff's Complaint.

94.     Defendants deny the statements contained in Paragraph "90" of the Plaintiff's Complaint.

**AS AND FOR AN ANSWER TO "AS AND FOR A FOURTH CAUSE OF ACTION**

95.     Defendants repeat and reallege their responses to Paragraphs "1" through "94" as if set forth herein in their entirety.

96.     Defendants deny the statements contained in Paragraph "91" of the Plaintiff's Complaint.

97.     Defendants deny the statements contained in Paragraph "92" of the Plaintiff's Complaint.

98.     Defendants deny the statements contained in Paragraph "93" of the Plaintiff's Complaint.

99.     Defendants deny the statements contained in Paragraph "94" of the Plaintiff's Complaint.

**AS AND FOR AN ANSWER TO "AS AND FOR A FIFTH CAUSE OF ACTION**

100.    Defendants repeat and reallege their responses to Paragraphs "1" through "99" as if set forth herein in their entirety.

101.    Defendants deny the statements contained in Paragraph "95" of the Plaintiff's Complaint.

102.    Defendants deny the statements contained in Paragraph "96" of the Plaintiff's Complaint.

103.    Defendants deny the statements contained in Paragraph "97" of the Plaintiff's Complaint.

104.    Defendants deny the statements contained in Paragraph "98" of the Plaintiff's

Complaint.

105. Defendants deny the statements contained in Paragraph "99" of the Plaintiff's Complaint.

106. Defendants deny the statements contained in Paragraph "100" of the Plaintiff's Complaint.

107. Defendants deny the statements contained in Paragraph "101" of the Plaintiff's Complaint.

108. Defendants deny the statements contained in Paragraph "102" of the Plaintiff's Complaint.

109. Defendants deny the statements contained in Paragraph "103" of the Plaintiff's Complaint.

110. Defendants deny the statements contained in Paragraph "104" of the Plaintiff's Complaint.

111. Defendants deny the statements contained in Paragraph "105" of the Plaintiff's Complaint.

112. Defendants deny the statements contained in Paragraph "106" of the Plaintiff's Complaint.

113. Defendants deny the statements contained in Paragraph "107" of the Plaintiff's Complaint.

114. Defendants deny the statements contained in Paragraph "108" of the Plaintiff's Complaint.

115. Defendants deny the statements contained in Paragraph "109" of the Plaintiff's Complaint.

116. Defendants deny the statements contained in Paragraph "110" of the

Plaintiff's Complaint.

## AS AND FOR AN ANSWER TO "AS AND FOR A SIXTH CAUSE OF ACTION

117.    Defendants repeat and reallege their responses to Paragraphs "1" through "116" as if set forth herein in their entirety.

118.    Defendants deny the statements contained in Paragraph "111" of the Plaintiff's Complaint.

119.    Defendants deny the statements contained in Paragraph "112" of the Plaintiff's Complaint.

120.    Defendants deny the statements contained in Paragraph "113" of the Plaintiff's Complaint.

121.    Defendants deny the statements contained in Paragraph "114" of the Plaintiff's Complaint.

122.    Defendants deny the statements contained in Paragraph "115" of the Plaintiff's Complaint.

123.    Defendants deny the statements contained in Paragraph "116" of the Plaintiff's Complaint.

124.    Defendants deny the statements contained in Paragraph "117" of the Plaintiff's Complaint.

## AS AND FOR AN ANSWER TO "AS AND FOR A SEVENTH CAUSE OF ACTION

125.    Defendants repeat and reallege their responses to Paragraphs "1" through "124" as if set forth herein in their entirety.

126.    Defendants deny the statements contained in Paragraph "118" of the Plaintiff's Complaint.

127.    Defendants deny the statements contained in Paragraph "119" of the Plaintiff's Complaint.

128.    Defendants deny the statements contained in Paragraph "120" of the Plaintiff's Complaint.

129.    Defendants deny the statements contained in Paragraph "121" of the Plaintiff's Complaint.

130.    Defendants deny the statements contained in Paragraph "122" of the Plaintiff's Complaint.

131.    Defendants deny the statements contained in Paragraph "123" of the Plaintiff's Complaint.

132.    Defendants deny the statements contained in Paragraph "124" of the Plaintiff's Complaint.

133.    Defendants deny the statements contained in Paragraph "125" of the Plaintiff's Complaint.

### AS AND FOR AN ANSWER TO "AS AND FOR A EIGHTH  CAUSE OF ACTION

134.    Defendants repeat and reallege their responses to Paragraphs "1" through "133" as if set forth herein in their entirety.

135.    Defendants deny the statements contained in Paragraph "126" of the Plaintiff's Complaint.

136.    Defendants deny the statements contained in Paragraph "127" of the Plaintiff's Complaint.

137.    Defendants deny the statements contained in Paragraph "128" of the Plaintiff's Complaint.

138.    Defendants deny the statements contained in Paragraph "129" of the Plaintiff's Complaint.

139.    Defendants deny the statements contained in Paragraph "130" of the Plaintiff's Complaint.

140.    Defendants deny the statements contained in Paragraph "131" of the Plaintiff's Complaint.

141.    Defendants deny the statements contained in Paragraph "132" of the Plaintiff's Complaint.

142.    Defendants deny the statements contained in Paragraph "133" of the Plaintiff's Complaint.

143.    Defendants deny the statements contained in Paragraph "134" of the Plaintiff's Complaint.

144.    Defendants deny the statements contained in Paragraph "135" of the Plaintiff's Complaint.

145.    Defendants deny the statements contained in Paragraph "136" of the Plaintiff's Complaint.

146.    Defendants deny the statements contained in Paragraph "137" of the Plaintiff's Complaint.

## AS AND FOR AN ANSWER TO "AS AND FOR A NINTH CAUSE OF ACTION

147.    Defendants repeat and reallege their responses to Paragraphs "1" through "146" as if set forth herein in their entirety.

148.    Defendants deny the statements contained in Paragraph "138" of the Plaintiff's Complaint.

149.    Defendants deny the statements contained in Paragraph "139" of the Plaintiff's Complaint.

150.    Defendants deny the statements contained in Paragraph "140" of the Plaintiff's Complaint.

151.    Defendants deny the statements contained in Paragraph "141" of the Plaintiff's Complaint.

152.    Defendants deny the statements contained in Paragraph "142" of the Plaintiff's Complaint.

**AS AND FOR AN ANSWER TO "AS AND FOR A TENTH CAUSE OF ACTION**

153.    Defendants repeat and reallege their responses to Paragraphs "1" through "152" as if set forth herein in their entirety.

154.    Defendants deny the statements contained in Paragraph "143" of the Plaintiff's Complaint.

155.    Defendants deny the statements contained in Paragraph "144" of the Plaintiff's Complaint.

156.    Defendants deny the statements contained in Paragraph "145" of the Plaintiff's Complaint.

157.    Defendants deny the statements contained in Paragraph "146" of the Plaintiff's Complaint.

158.    Defendants deny the statements contained in Paragraph "147" of the Plaintiff's Complaint.

**WHEREFORE**, Defendants demand judgment in their favor dismissing the Plaintiff's Complaint, along with such other and further relief as the Court deems equitable and just.

## **AFFIRMATIVE DEFENSES**

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The relief sought by Plaintiff is barred by the applicable statutes of limitation.

### THIRD AFFIRMATIVE DEFENSE

The relief sought by Plaintiff is barred by the doctrines of estoppel, ratification, waiver and laches.

### FOURTH AFFIRMATIVE DEFENSE

The relief sought by Plaintiff is barred by the doctrine of unclean hands.

### FIFTH AFFIRMATIVE DEFENSE

If the Plaintiff sustained any damages as alleged in the Complaint, which are expressly denied, then such damages were caused, either in whole or in part, by the Plaintiff own culpable conduct, fault and/or negligence, and any recovery herein shall be diminished accordingly in whole or in part.

### SIXTH AFFIRMATIVE DEFENSE

If the Plaintiff sustained any damages as alleged in the Complaint, all of which are expressly denied, then such damages were caused by the culpable conduct, fault and/or negligence of other persons and/or entities over which Defendants had no control, with no act or omission on the part of Defendants contributing thereto.

### SEVENTH AFFIRMATIVE DEFENSE

The Plaintiff is barred from recovering by virtue of Plaintiff's failure to mitigate damages.

## EIGHTH AFFIRMATIVE DEFENSE

The amount of recovery to which the Plaintiff is entitled, if any, must be reduced by any amounts recovered by the Plaintiff from collateral sources.

## NINTH AFFIRMATIVE DEFENSE

The Complaint is barred by virtue of the Statute of Frauds and must therefore be dismissed.

## TENTH AFFIRMATIVE DEFENSE

The causes of action and/or relief sought should be barred and/or precluded by virtue of the Plaintiff's fraud and/or misrepresentation.

## ELEVENTH AFFIRMATIVE DEFENSE

The causes of action and/or relief sought should be barred and/or precluded by virtue of Plaintiff's ratification, adoption, authorization and/or acquiescence in the actions and/or omissions complained of.

## TWELFTH AFFIRMATIVE DEFENSE

The Complaint should be dismissed due to its failure to join a necessary party.

## THIRTEENTH AFFIRMATIVE DEFENSE

The Complaint should be dismissed as Plaintiff's Complaint is without basis in law or fact and is frivolous within the meaning of Federal Rule of Civil Procedure 11.

## FOURTEENTH AFFIRMATIVE DEFENSE

Defendants' use of the copyrighted materials are " fair uses" and " permitted uses" as defined by relevant laws.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff did not have nor registered copy rights to claimed materials until after disputes broke out with defendants and plaintiff engaged in retaliatory acts against defendants , an employee.

## SIXTEENTH AFFIRMATIVE DEFENSE

Defendants did not act in a manner making the imposition of punitive damages possible under New York law. Imposition of punitive damages against Defendant would violate the Fourteenth Amendment of the United States Constitution.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Defendants' alleged conduct was not a proximate cause of any of the damages alleged to have been incurred by Plaintiff in the Complaint.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims fail, in whole or in part, as such claims are not ripe and/or are based on impermissible speculation.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims fail, in whole or in part, based upon indisputable documentary evidence.

## TWENTIETH AFFIRMATIVE DEFENSE

Defendants reserve the right to amend this answer by asserting defenses which future investigation reveals to be appropriate.

## **FIRST COUNTERCLAIM**

### **Fair Labor Standards Act - Overtime Wages**

1. Counterclaim Plaintiff Minxing Xie is a former employee for the counterclaim defendant

for about ten years until terminated recently .

2.  The FLSA requires Defendants to pay employees an overtime rate of one-and-one-half times the employee's regular rate of pay for each hour of work over forty (40) hours in a week. 29 U.S.C. § 207.

3.  The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.*, and the supporting federal regulations, apply to counterclaim Defendants and protect counterclaim Plaintiff.

4.  Counterclaim Plaintiff Xie routinely worked over forty (40) hours in a work week.

5.  Counterclaim Defendants failed to pay Plaintiff overtime wages at one-and-one-half times the regular rate of pay for all hours worked in excess of 40 hours in a workweek in violation of 29 U.S.C. § 207.

6.  Counterclaim Defendants' failure to pay Plaintiff the  applicable overtime compensation under the FLSA was willful.

7.  As a result of counterclaim Defendants' unlawful acts, Plaintiff  has been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to the FLSA.

### SECOND  COUNTERCLAIM
### New York Labor Law Article 19- Unpaid Overtime

8.  Counterclaim Plaintiffs Xie realleges and incorporates by reference all allegations in all preceding paragraphs.

9.  New York State Department of Labor regulations require Defendants to pay employees an overtime rate of one-and-one-half times the employee's regular rate of pay for each hour of work over forty (40) hours in a week. 12 N.Y.C.R.R. §§ 137-1.3 (before January 2011) and 146-1.4

(January 2011 and after).

10. The overtime wage provisions of Article 19 of the NYLL and its supporting regulations apply to Defendants.

11.        Counterclaim Plaintiff Xie routinely worked over forty (40) hours in a work week.

12.        Defendants failed to pay Plaintiff overtime wages at one-and-one-half times the regular rate of pay for all hours worked in excess of 40 hours in a workweek in violation of the N.Y.L.L. and implementing regulations.

13.        Defendants' failure to pay Plaintiffs and the Rule 23 Class the applicable overtime compensation under N.Y.L.L. was willful.

14.        Due to Defendants' violations of the NYLL, Plaintiffs and the Rule 23 Class are entitled recover from Defendants their unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest. N.Y.L.L. §§ 198, 663(1); N.Y.C.P.L.R. § 5001.

## THIRD COUNTERCLAIM

### Oppressive and Retaliatory Acts In violation of Federal and State Anti-retaliation Laws

15.        Counterclaim Plaintiff Xie realleges and incorporates by reference all allegations in all preceding paragraphs.

16.        Counterclaim defendant Acupath is a medical laboratory, providing customers [1]with the performance of diagnostic tests for tissue sample biopsies, molecular and cytogenetic analysis and other laboratory services.  One large source of income for Acupath is from Federal Medicare programs, that constitute about thirty percent (30%) of its revenues.

17.        Counterclaim defendant Acupath offers its customers Technical Component and Professional Component services, to allow its customers  to get paid from Medicare and other

---

[1] mainly physicians

major insurance companies for performing professional component work.

18.      Based on information and belief, Acupath has about eight salespersons, including but not limited to  Jonathan Carey,  Robin Feraca , Steve Kamalic, Denise Malfa, Kristina Bayardelle, and counterclaim plaintiff Xie, with several Client Service Persons who prepared for TC/PC Slide Delivery, Sukhdeo Prince  and  Jeanine Franke.

19.      Acupath management dictates how and what the sales persons to do to solicit customers and their pathologists for Professional Component businesses. Plaintiff Xie, with his many connections and friends in the medical fields,  was asked to work as a salesperson for Acupath for the past six years, in addition to being  a software engineer.

20.      Federal Medicare mandates that all works of  Professional Components  must be performed at designated place of service ( POS). However, Acupath conspired with its customers, have defrauded Medicare by allowing the Professional Component work to be performed at private homes of the Professional Component workers,  and routinely used delivery company HealthEx of 35 Power House Road, Roslyn , NY 11577 to deliver the work to the home addresses of the professional component's  performers. Based on information and belief, the parties who are likely related and possess information including but not limited to : Rosman & Wasserman LLP, BAY RIDGE ENDOSCOPY , PLLC, Paul Cohen, MD, UNITED MEDICAL ASSOCIATES, PLLC, Dr. Kenneth L. Edelson MD, ATLANTIC GASTROENTEROLOGY, PC, BROOKLYN ENDOSCOPY  AND AMSURG CENTER LLC, GREATER NY GASTROENTEROLOGY, LLP, Dr. David M. Wolfson, MD, EVERGREEN BORO PARK COMPREHENSIVE MEDICINE, GENE MEISENBERG MEDICAL SERVICES, PC, BAYRIDGE ENDOSCOPY SERVICES, PLLC, GASTROENTEROLOGY ASSOCIATES OF BROOKLYN, PLLC, etc.

21.      Said practice is a serious violation of the Medicare rules and licensing requirements.  However, when they filed claims for payment from Medicare,  those professional

component people would report falsely that the professional component work were performed at the right POS each time.

22.      For maximizing its profits, Acupath has instructed its salespersons to use the above as a competitive leverage and incentive to get new clients and to keep the old clients happy in violation of both federal Medicare rules and Federal anti-kickback statutes. It is estimated and believed that Acupath has been profited for about $ 42 million U.S. dollars for the past six years through this fraudulent practice in conspiracy with its clients to cheat on Medicare.

23.      Moreover, based on information and belief, Acupath's employees, under supervision and instructions of management, have routinely engaged in other kick-back practices in soliciting health care business, including but not limited to:  offering its clients cash equivalent such as payments for their medical malpractice insurance in the sum of $5,000 up to $12,000, and expensive Ipads or the likes. In receiving this kickbacks, the clients, who are mostly physicians would more willingly to refer health care busienss to Acupath.

24.      The federal "anti-kick back statutes" strictly prohibit such practice in soliciting busienss in the health care business.

25.      Counterclaim plaintiff Xie felt extremely uncomfortable to be part of this sales team of about 8 people,  and many times refused to comply with the boss's order, and actually several times raised this issue in protest to Ms. Barbara Winter, who is the person in charge. Ms. Winter simply told Xie that everybody else is doing the same  and the " pathologists have signed consents, so don't worry. "  Xie, nevertheless, decided not to continue this illegal practice and refused to work in this manner any longer.

26.      In retaliation, Acupath started a series of conducts hostile and oppressive to plaintiff, including disparaging statements/comments to his peers, illegal searches,  duress and threats of retaliatory actions, forcing counterclaim plaintiff to turn over private properties, taxes information,

personal emails, friends information , and other personal information, or face consequences.

27.    Under duress and threats, Counterclaim plaintiff Xie turned over his personal properties to Acupath. Said personal properties were only returned to counterclaim plaintiff Xie after Xie's attorney wrote a legal notice. And Xie's personal properties were returned in a damaged and incomplete conditions when returned.

28.    Moreover, Acupath has demanded Xie to consent to the use of overly restrictive nondisclosure agreements, which will prevent employees from reporting fraud, even to government investigators. The agreements incorporate language that goes beyond those that had traditionally protected proprietary information. Xie has declined to agree to cover up Acupath illegal acts as described above.

29.    In retaliation, Acupath also engaged in acts of intimidating, threats, discipline, including blacklisting, disparaging his good reputation and credit, terminating his employment, and commencing this instant action in retaliation aiming to silence him as whistle blower.

30.    Acupath has violated relevant federal and New York State whistleblower and anti-retaliation laws, including but not limited to Sarbanes-Oxley Act, the FDA Food Safety Modernization Act, and the Dodd-Frank Wall Street Reform and Consumer Protection Act, American Recovery and Reinvestment Act of 2009 (ARRA), OSHA's Whistleblower Protection Program, Occupational Safety and Health Act (OSHA) of 1970, False Claims Act, Fair Labor Standards Act (FLSA), Employee Retirement Income Security Act (ERISA), FBI Employee Whistleblower Protections, Moving Ahead for Progress in the 21st Century Act (MAP-21) , National Labor Relations Act (NLRA), Patient Protection and Affordable Care Act (ACA), Title VII of the Civil Rights Act of 1964 (Title VII), New York Labor Law, New York Labor Law Section 740.

31.    As such, counterclaim plaintiff has suffered damages and is entitled to compensations

- 23 -

to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Counterclaim Plaintiff Xie demands the dismissal of plaintiff's complaint and

judgment be granted against the Counterclaim Defendants on counterclaims for:

      A.     Unpaid overtime pay pursuant to the FLSA and NYLL;

      B.     Liquidated damages pursuant to the FLSA and NYLL;

      C.     One hundred dollars for each workweek that the violations of NYLL Article 6 § 195

occurred or continue to occur, or a total of twenty-five hundred dollars, as provided for by

NYLL Article 6 § 198(1)-d.

      D.     Monetary award for third Counterclaim for an amount to be determined at trial.

      E.     Pre-judgment and post-judgment interest;

      F.     Attorneys' fees and costs; and

      G.     Such other relief as the Court shall deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Fed. R. Civ. P., defendants and counterclaim Plaintiffs

demands a trial by jury on all questions of fact in this matter.

Dated:    FLUSHING, New York
           Dec. 15,  2014

                              LAW OFFICE OF MING HAI, PC

                              By: __/s/  Ming Hai
                                             Ming Hai

Attorneys for Defendants Minning Xie
and M&M Medical Technology, Inc.
36-09 MAIN ST. SUITE 7B
FLUSHING, NY 11354
(718) 445-9111

## VERIFICATION

STATE OF NEW YORK          )
                                             ss.:
COUNTY OF QUEENS          )

Minning Xie,  being duly sworn, deposes and says:

I am the defendant and counterclaims plaintiff in this action.  I have provided the

factual basis for my Amended Answer with Counterclaims,  and have carefully read and

know the contents of the foregoing Amended Answer with Counterclaims.  The

Amended Answer with Counterclaims  is  true to my own knowledge, except as to

matters alleged upon information and belief, and as to those matters I believe it to be true.

Sworn to before me
this  01/16/2015

_____
Notary Public

_____
                              Minning Xie

Notary Public, State of New York
HAI MING
No. 02HA6094510
Qualified in Queens County
Commission Expires June 23, 20__